### STILES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

Appeal from Trial Term, Schuyler County.

Action by Robert E. Stiles, as administrator of John Stiles, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

D. C. Robinson, for appellant.
Alexander D. Falck, for respondent.

PER CURIAM. Judgment and orders affirmed, with costs.

HOUGHTON, J. (dissenting). A bridge on defendant's railroad was in process of reconstruction by an independent contractor, by whom plaintiff's intestate was employed. The bridge spanned a gorge 165 feet deep and was 450 feet long. In the process of the work it was necessary to use blocking and loose timbers, which must necessarily lie on some part of the bridge during the passing of trains. The defendant had promulgated a special rule that during the progress of the work the speed of trains across the bridge should not exceed 5 miles an hour. There was a grade toward the bridge from the south, and at the time of the accident a train of 50 loaded coal cars, with two engines, came upon the bridge at a speed, as testified to by the plaintiff's witnesses, from 12 to 15 miles an hour. The plaintiff's intestate was sitting upon the easterly end of one of the ties, 5 or 6 feet from the rail and entirely beyond the reach of the train itself, awaiting the passing of the train. A piece of blocking, which lay on the bridge immediately behind him, was hit by the truss rod of one of the cars and thrown or shoved upon the decedent, knocking him from the bridge to the gorge below, causing instant death. The theory of the plaintiff is that the excessive speed of the heavy train jarred the block from a safe position to one where the rod could hit it, and that such negligence was the cause of the accident. The jury rendered a verdict in favor of the defendant, and the plaintiff appeals.

The contractor's foreman in charge of the reconstruction work, and one of the plaintiff's principal witnesses, was on the bridge some distance south of where the deceased was sitting, and observed the approach of the train and its speed, which he testified was 12 miles an hour. The plaintiff asked him if he said anything to the engineer as the engine passed him, offering to show that he shouted to him

that he was going too fast. This evidence was excluded by the learned trial court, and the plaintiff duly excepted. There is no pretense that the engineer could not have heard the shout, although he testifies he did not hear. We must assume the circumstances were such that he could have heard, and if the testimony had been allowed it would thus have become a question for the jury to say whether he did or not. I am of opinion the evidence was competent, and that it should have been received.

The vice of the question was assumed to lie in the fact that it was a verbal declaration, not a part of the res gestæ of the accident, and which purported to, but could not, bind the defendant. The object of the testimony was, not to prove that the train was in fact going too fast, or that the witness thought it was, but rather to show that the engineer was warned to slow down, because of impending danger either to his train or to those who worked upon the bridge. If the witness had given a recognized signal to the engineer to stop or to slow down, it would have been perfectly competent to permit him to testify to that fact. Of course, the exclamation of the witness would not prove whether the train was going fast or slow, and would have no tendency so to do. It comes within that class of acts which are aptly termed "verbal acts." What the witness was endeavoring to do was to warn the engineer to go slow. It was competent to permit him to testify to the words he used in endeavoring to do this. If the defendant was negligent at all, it was negligent through the act of its engineer in driving his train too rapidly across the bridge. That he was warned not to do it, or to go slow, or that his attention was called to the fact that he was going rapidly, was material proof on the part of the plaintiff.

Words employed in doing a material act, explanatory and showing the purpose and intention of the act, are not hearsay evidence, but may always be proved, not as establishing the truth of the fact asserted by the words, but as showing that some notice was given or some act performed for a definite purpose. Mr. Wigmore, in his work on Evidence, at section 1772, says:

"A second kind of situation in which utterances are not offered testimonially arises when the utterance accompanies conduct to which it is desired to attach some legal effect. The conduct or act has intrinsically no definite significance, or only an ambiguous one, and its whole legal purport or tenor is to be more precisely ascertained by considering the words accompanying it. The utterance thus enters merely as a verbal part of the act, or, in the common phrase, a 'verbal act.'"

In Waldele v. New York Central & Hudson River Railroad Company, 95 N. Y. 274, 47 Am. Rep. 41, Earl, J., says:

"Anything said accompanying the performance of an act, explanatory thereof or showing its purpose or intention, when material, is competent as part of the act. But when the declarations offered are merely narratives of past occurrences they are incompetent."

To like effect are the holdings in St. Louis, I. M. & S. R. R. Co. v. Greenthal, 77 Fed. 150, 23 C. C. A. 100, and Smith v. Whittier, 95 Cal. 279, 30 Pac. 529.

A familiar application of the rule is where a witness is permitted to testify that he notified the employer, or some one representing him, before the happening of an accident, that machinery or works were out of repair. The words used are admitted without question, not for the purpose of proving lack of repair, but for the purpose of establishing that the master had notice of the claimed defect.

The question presented to the jury was a very close one, and it cannot be said that the exclusion of this evidence had no effect upon the verdict.

Without considering the other questions in the case, for the reasons pointed out, I think the judgment should be reversed, and a new trial granted.